Sheehan & Associates, P.C.
Great Neck NY 11021-3104
Telephone: (516) 303-0552

| United States District Court Southern District of New York | 1:20-cv-07283 |
|---|---|
| Kelvin Brown, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　- against -<br><br>Kellogg Sales Company,<br><br>　　　　　　　　　　Defendant | Class Action Complaint |

　　　　Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

　　　　1.　　Kellogg Sales Company ("defendant") manufactures, distributes, markets, labels and sells toaster pastries under its "Pop-Tarts" brand ("Product").

　　　　2.　　The Product is available to consumers from retail and online stores of third-parties and is sold in various sizes and quantities.

　　　　3.　　The representations include "Frosted Strawberry," half of a fresh strawberry and a picture of the Product with its dark red fruit filling.



4. The representations are misleading because the label gives consumers the impression the fruit filling only contains strawberries as its fruit ingredient.

5. Consumers do not expect a food labeled with the unqualified term "Strawberry" to contain fruit filling ingredients other than strawberry, and certainly do not expect pears and apples, as indicated on the back of the box ingredient list.

Ingredients: Enriched flour (wheat flour, niacin, reduced iron, vitamin B1 [thiamin mononitrate], vitamin B2 [riboflavin], folic acid), corn syrup, high fructose corn syrup, dextrose, soybean and palm oil (with TBHQ for freshness), sugar, bleached wheat flour.

**Contains 2% or less of** wheat starch, salt, dried strawberries, dried pears, dried apples, leavening (baking soda, sodium acid pyrophosphate, monocalcium phosphate), citric acid, gelatin, modified wheat starch, yellow corn flour, caramel color, palm oil, xanthan gum, cornstarch, turmeric extract color, soy lecithin, red 40, yellow 6, blue 1, color added.

2

6. The Product's name "Frosted Strawberry," is misleading because it "includes or suggests the name of one [strawberries] or more but not all [pears and apples] such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling." 21 C.F.R. § 101.18(b).[1]

7. Contrary to the legal requirements to prevent consumer deception, the Product's name – "Frosted Strawberry" – fails to disclose the percentage of the characterizing ingredient of strawberries in the Product:

> The common or usual name of a food shall include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case.

21 C.F.R. § 102.5(b).

8. Under 21 C.F.R. § 102.5(b), strawberries are the "characterizing ingredient" of the Product because their proportion has a material bearing on price and consumer acceptance.

9. Under 21 C.F.R. § 102.5(b), strawberries are the "characterizing ingredient" of the Product because the labeling creates an erroneous impression that strawberries are present in an amount greater than is actually the case.

10. The Product also contains red 40, a food coloring which increases the redness of the filling, as seen on the front label.

11. This gives the consumer the impression that the Product contains more strawberry ingredient than it does and only contains strawberry as its fruit filling ingredient.

12. Defendant's branding and packaging of the Product is designed to – and does –

---

[1] New York State has adopted all federal regulations for food labeling through its Agriculture and Markets Law ("AGM") and accompanying regulations. See Title 1, Official Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR").

3

deceive, mislead, and defraud plaintiff and consumers.

13. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

14. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

15. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

16. As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $7.19 for 16 Pop-Tarts (54.1 OZ), excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

## Jurisdiction and Venue

17. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

18. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

19. Plaintiff Kelvin Brown is a citizen of New York.

20. Defendant Kellogg Sales Company, is a Delaware corporation with a principal place of business in Battle Creek, Calhoun County, Michigan and at least one member of defendant is a citizen of Michigan.

21. "Minimal diversity" exists because plaintiff Kelvin Brown and defendant are citizens

4

of different states.

22. Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

23. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of plaintiff to purchase the Product and the misleading representations and/or their recognition as such.

24. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

### Parties

25. Plaintiff is a citizen of Bronx, Bronx County, New York.

26. Defendant Kellogg Sales Company is a Delaware corporation with a principal place of business in Battle Creek, Michigan, Calhoun County and is a citizen of Michigan and Delaware.

27. During the relevant statutes of limitations, plaintiff purchased the Product within his district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

28. Plaintiff Kelvin Brown purchased the Product on one or more occasions, during the relevant period, at stores including but not necessarily limited to, ShopRite, 1994 Bruckner Blvd, Bronx, NY, in or around April 19, 2020.

29. Plaintiff bought the Product at or exceeding the above-referenced prices because he liked the product for its intended use, expected it to contain only strawberries as its fruit filling ingredients due to the product name, coupled with the dark red color of the food in the label image.

30. Plaintiff was deceived by and relied upon the Product's deceptive labeling.

31. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

32. The Product was worth less than what Plaintiff paid for it and he would not have paid as much absent Defendant's false and misleading statements and omissions.

33. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labels are consistent with the Product's components.

## Class Allegations

34. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

35. Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

36. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

37. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

38. Plaintiff is an adequate representatives because his interests do not conflict with other members.

39. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

40. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

41. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

42. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

43. Plaintiff incorporates by reference all preceding paragraphs.

44. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

45. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

46. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

47. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

48. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

49. Plaintiff incorporates by reference all preceding paragraphs.

50. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

51. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

52. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

53. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

7

54. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

55. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

56. Plaintiff incorporates by reference all preceding paragraphs.

57. The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional and/or environmental which they did not.

58. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

59. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

60. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

61. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

62. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

63. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

64. Plaintiff incorporates by reference all preceding paragraphs.

65. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

66. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

67. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

68. Plaintiff incorporates by reference all preceding paragraphs.

69. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   September 5, 2020

                                                 Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-07283
United States District Court
Southern District of New York

Kelvin Brown, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Kellogg Sales Company,

Defendant

Class Action Complaint

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: September 5, 2020

/s/ Spencer Sheehan
Spencer Sheehan