USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  ___3/31/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
**KELVIN BROWN,** *individually and on behalf of all others similarly situated,*

                              **Plaintiff,**

                   **-against-**

**KELLOGG SALES CO.,**

                              **Defendant.**
------------------------------------------------------------------ x

**1:20-CV-7283-ALC**

**ORDER GRANTING
MOTION TO DISMISS**

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Kelvin Brown, a resident of the Bronx, New York, brings this putative class action against global food manufacturer, Kellogg Sales Company, individually and on behalf of all others similarly situated, alleging that Kellogg participated in deceptive business practices and/or false advertising by overexaggerating the amount of strawberries in its well-known "Frosted Strawberry Pop-Tarts" breakfast treat through materially misleading labeling. Kellogg moves to dismiss for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, chiefly because Brown fails to plead that the challenged representations on the front label are materially misleading, the motion to dismiss is **GRANTED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff Kelvin Brown ("Plaintiff" or "Brown") is a citizen of Bronx County, New York. FAC ¶¶ 49, 55. Defendant Kellogg Sales Company ("Defendant" or "Kellogg") is one of the largest food manufacturers globally and is popularly known for its pioneer breakfast foods, including Special K, Corn Flakes, Nutri-Grain Bars, Pop-Tarts, and other product items. FAC ¶¶ 57-58. Kellogg manufactures, distributes, markets, labels, and sells Pop-Tarts, which are toaster

1

pastries that contain strawberry filling and are covered with a frosted coating ("Frosted Strawberry Pop-Tarts" or the "Product"). FAC ¶ 1.



*See* FAC ¶ 2. The front label on the packaging contains representations, including (1) the words "Frosted Strawberry," (2) an image of half of a fresh strawberry, and (3) an image of the Product depicting "a dark red fruit filling." SAC ¶ 2. Plaintiff alleges that these representations are false and misleading because "they give consumers the impression the fruit filling contains more strawberries than it does" and "creates an erroneous impression that strawberries are present in an amount greater than is the case." FAC ¶¶ 3, 33. The front label includes strawberries but omits pears and apples, "even though these fruits are stated elsewhere on the label – in the small print on the ingredient list." FAC ¶ 31.

> Ingredients: Enriched flour (wheat flour, niacin, reduced iron, vitamin B₁ [thiamin mononitrate], vitamin B₂ [riboflavin], folic acid), **corn syrup, high fructose corn syrup, dextrose, soybean and palm oil** (with TBHQ for freshness), **sugar, bleached wheat flour.**
> Contains 2% or less of wheat starch, salt, dried strawberries, dried pears, dried apples, leavening (baking soda, sodium acid pyrophosphate, monocalcium phosphate), citric acid, gelatin, modified wheat starch, yellow corn flour, caramel color, xanthan gum, cornstarch, turmeric extract color, soy lecithin, red 40, yellow 6, blue 1, color added.

*See* FAC ¶ 29. The front label also fails to inform customers of the percentage of strawberries in the Product relative to pears and apples. FAC ¶ 32. Brown further avers that the Product contains red 40, a synthetic food coloring, that gives the strawberry-pear-apple combination in the filling a dark red color. FAC ¶¶ 34-36. Because apples and pears are not disclosed on the front packaging, the Product is unable to provide the taste and health benefits inherent to strawberries and consumers end up paying for the Product at a higher price than they would absent the alleged misrepresentations. FAC ¶¶ 10-18, 20-22, 24, 29, 43-46, 62-65. Brown has purchased the Product "on one or more occasions" at stores in New York. FAC ¶ 61. If he had known of the alleged misrepresentations, he would not have purchased the Product or would have paid less for it. FAC ¶ 64.

3

Plaintiff commenced this action on September 5, 2020. ECF No. 1. After the parties submitted competing pre-motion conference letters regarding Defendant's motion to dismiss the original complaint, Plaintiff took the opportunity to amend. ECF No. 14. He filed the First Amended Class Action Complaint (the "FAC") on March 13, 2021. ECF No. 15. On April 16, 2021, Kellogg moved to dismiss the FAC under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 18-20. Plaintiff opposed on May 3, 2021. ECF No. 23. Plaintiff filed a reply on May 7, 2021. ECF No. 24. On March 1, 2022, Defendant filed a notice of supplemental authority. ECF No. 25. Plaintiff did not respond to or otherwise oppose that notice of authority. The Court considers the motion fully briefed and will exercise its discretion to decide this motion on the papers. No oral argument is needed.

The FAC asserts several causes of action: (1) N.Y. General Business Law ("GBL") §§ 349 and 350; (2) negligent misrepresentation; (3) breaches of express warranty, implied warranty of merchantability, and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2310, *et seq.*; (4) fraud; and (5) unjust enrichment. Brown seeks injunctive relief, monetary and statutory damages, and attorneys' fees. FAC at 14-15.

## II. STANDARD OF REVIEW

### A. 12(b)(1) Motion to Dismiss

In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the

4

evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

### B. 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "[I]f [the] complaint clearly shows the claim is out of

time," a court may dismiss a claim under the statute-of-limitations at the pleadings stage. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Plaintiff Fails to State a Claim under Sections 349 and 350 of the New York General Business Law

Section 349 of New York General Business Law makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law. § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business." N.Y. Gen. Bus. Law § 350. To state a cognizable claim for deceptive practices under either section, a plaintiff must show that the act or practice constitutes "(1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941, 967 N.E.2d 675, 675 (N.Y. 2012)).

In New York, a claim for false advertising or deceptive business practices must adequately allege that the deceptive act or practice was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (quoting *Fink*, 714 F.3d at 741); *see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995). "[I]n determining whether a reasonable consumer would have been misled by a particular [act or

practice], context is crucial." *Mantikas*, 910 F.3d at 636 (quoting *Fink*, 714 F.3d at 742). "We therefore consider the challenged [act or practice] as a whole, including disclaimers and qualifying language." *Id.* (citations omitted). Though the issue of whether a reasonable consumer was misled by a business act or practice is normally a question of fact, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive [act or practice] would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741 (citations omitted).

Here, Defendant does not dispute that Plaintiff has pleaded consumer-oriented conduct and injury. Kellogg only contests the plausibility of allegations that it made any materially misleading representation. The Court agrees. Brown has failed to sufficiently plead that the front packaging is misleading.

   1. The Challenged Representations Are Not Misleading

Defendants argue that the representations on the front label are not misleading. In particular, they contend that (1) the front label does not represent that strawberries are the only fruit ingredient in the filling, that the filling contains a specific quantity or proportion of strawberries, that the filling contains a *de minimis* amount of non-strawberry fruits, or that the Product has nutritional benefits derived solely from strawberries; (2) the ingredient list resolves any ambiguity about fruit ingredients in the filling; and (3) the use of red food coloring does not exaggerate the amount of strawberries in the filling. Examining the front label in context, the Court concludes that Brown has failed to adequately plead that a reasonable consumer would find the front label misleading.

The crux of the complaint is that the word "[Frosted] Strawberry" and the images of half of a fresh strawberry and of the oozing, dark red fruit filling on the front label of "Frosted Strawberry Pop-Tarts" are misleading because they fail to disclose that the ingredients include

7

non-strawberry fruit—*i.e.*, apples and pears. FAC ¶ 3 ("The representations are misleading because they give consumers the impression the fruit filling contains more strawberries than it does."); ¶ 29 ("[T]he Product contains less strawberry ingredient than consumers expect, as the fine print on the back of the box – the ingredient list – reveals the strawberry filling contains pears and apples."); ¶ 31 ("The Product's name, 'Frosted Strawberry Pop Tarts,' is misleading because it includes strawberries but does not include pears and apples, even though these fruits are stated elsewhere on the label – in the small print on the ingredient list.") (citation omitted). Plaintiff asserts that the representations are material because consumers today are seeking snacks that are "a healthy indulgence, which is a treat with all the flavor and taste desired," with the accompanying health benefits. FAC ¶ 7 (internal quotation marks and footnote omitted).

  Viewing the product label in context, the representations are simply not deceptive. Courts typically find misleading representations about ingredients when the product label explicitly asserts that it is made with a specific ingredient or specifies the quantity of an ingredient when the ingredient is not predominant in the Product. The front labels in most of these cases prominently make assertions such as "Made with [Ingredient]" and/or "[Amount] Grams of [Ingredient] Per Serving" on the front packaging. *See, e.g.*, *Mantikas*, 910 F.3d 633 ("Whole Grain" in large print with "Made with 5G of Whole Grain Per Serving" in smaller print, and "Made with Whole Grain" in larger print with "Made with 8G of Whole Grain Per Serving" in smaller print); *Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV1701875MWFMRWX, 2017 WL 4286577, at *1 (C.D. Cal. Sept. 20, 2017) ("Made with real FRUIT and VEGETABLE juice" displayed prominently next to pictures of apples, pears, and carrots); *Kennedy v. Mondelēz Global LLC*, No. 19-302, 2020 WL 4006197 (E.D.N.Y. July 10,

8

2020) ("Made with Real Honey," "Honey Maid," and "No High Fructose Corn Syrup").[1] The front packaging does not contain any content that would suggest to a reasonable consumer that strawberries are the sole ingredient in the Product. Courts in this District have dismissed claims where "[n]othing in the label states or implies that the [product's] flavor is derived entirely from [the ingredient(s) at issue]." *Wallace v. Wise Foods, Inc.*, No. 20-CV-6831 (JPO), 2021 WL 3163599, at *2 (S.D.N.Y. July 26, 2021) (citing *Pichardo v. Only What You Need, Inc.*, No. 20 Civ. 493, 2020 WL 6323775, at *5 (S.D.N.Y. Oct. 27, 2020)). There is also no "only" or "exclusively" modifier before the phrase "Strawberry." *See Campbell v. Freshbev LLC*, 322 F.Supp.3d 330, 341 (E.D.N.Y. 2018). "In th[is] context, '[r]easonable consumers would not expect, upon learning that the [Frosted Strawberry Pop-Tarts] contain [strawberries], that the [strawberries] [are] present in a particular form or not mixed with other ingredients." *Harris v. Mondelez Glob. LLC*, No. 19CV2249ERKRER, 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) (cleaned up).

Furthermore, the photo of the fresh half strawberry must be viewed in context. No reasonable consumer would see the entire product label, reading the words "*Frosted* Strawberry Pop-Tarts" next to a picture of a toaster pastry coated in frosting, and reasonably expect that fresh strawberries would be the sole ingredient in the Product.[2] *Cf. Workman v. Plum Inc.*, 141

---

[1] Plaintiff misapplies *Mantikas*, which is triggered only after a plaintiff sufficiently pleads that a challenged representation is misleading. It is not applicable to this case because the product label is not a statement about ingredients and, even if it were, strawberries are the predominant ingredient in the Product, as seen on the ingredient list. SAC ¶ 29.
[2] In *Mantikas*, the Second Circuit cited a handful of cases that were dismissed at the pleadings stage where "plaintiffs alleged they were misled about the quantity of an ingredient that obviously was not the products' primary ingredient." 910 F.3d at 638 (citing cases). For example, *Manchouck v. Mondelez Int'l Inc.*, No. CV 13-02148, 2013 WL 5400285, at *2 (N.D. Cal. Sept. 26, 2013), involved a label for cookies that asserted that they had been made with "real fruit." *Id.* "Frosted Strawberry Pop-Tarts" are akin to cookies. A reasonable customer would not reasonably expect strawberries to be the primary ingredient in the Product prominently and widely known to be "frosted" and a toaster pastry.

F.Supp.3d 1032, 1036 (N.D. Cal. 2015) (dismissing deceptive practices claim under California law because the product labels "merely show[ed] pictures of featured ingredients" and where "[n]o reasonable consumer would expect the size of the flavors pictured on the label to directly correlate with the predominance of the pictured ingredient in the [product]."). In fact, strawberries are a common food flavor, whether artificial or otherwise, especially in processed snack foods like Pop-Tarts. The "Frosted" modifier before "Strawberry" further points toward the reasonable interpretation that the labeling describes flavor instead of the *source* of the flavor. *See Dashnau v. Unilever Mfg. (US), Inc.*, 529 F.Supp.3d 235, 243 (S.D.N.Y. Mar. 26, 2021) (referring to multiple "SDNY Vanilla Cases" in which the word "vanilla" on a front label made the "representation about the *flavor* of the product, but [did] not make a representation about the *source* of the product's vanilla flavor"). Because the FAC is devoid of allegations that "Frosted Strawberry Pop-Tarts" do not taste like strawberries or do not contain strawberries in any form, as pleaded, the front packaging cannot be misleading.

Plaintiff cites to *Izquierdo v. Panera Bread Co.*, 450 F.Supp.3d 453, 462 (S.D.N.Y. 2000), but the case is easily distinguishable. In that case, Judge Broderick reasoned that viewing a label for a blueberry bagel product in context, the plaintiff had plausibly alleged materially misleading representations. He opined that a reasonable consumer could be misled to think that the bagel's "blueberry content consist[ed] solely of real blueberries, when in fact the [b]agel contains[ed] primarily imitation blueberries with a lesser quantity of real blueberries." *Id.* at 461-62 (footnote omitted). The plaintiff there alleged that the bagel was advertised alongside a placard that read "Blueberry;" appeared near a sign advertising "menu transparency" and "clean food;" was sold and displayed next to a blueberry muffin that contained real, and not imitation, blueberries; was sold online under the product name "Blueberry Bagel;" and seemed to contain

10

small pieces of real blueberry scattered throughout. *Id.* at 462. None of these case-specific circumstances exist in the instant case. The ruling in *Izquerido* largely turned on the untruth that the blueberry content of the bagel product was primarily made up of real blueberries instead of imitation ones. *Id.* at 461-62. Here, Brown does not assert or otherwise argue that the strawberry content of the fruit filling is made up of imitation strawberries. And by all indications, Plaintiff concedes that there are strawberries in the filling—even if not his personally preferred amount. FAC ¶¶ 3, 24, 29, 34.

Defendant asserts that no reasonable consumer would look at the front packaging of a sugary breakfast treat like "Frosted Strawberry Pop-Tarts" and determine that it has nutritional value exclusively derived from its strawberry content. Plaintiff alleges that the Product cannot "confer any of the health-related benefits because it has less strawberries than it purports to" and that strawberries have a plethora of widely known health benefits. FAC ¶¶ 24, 11-18. The Court concludes that Brown fails to plead this theory of misrepresentation. First, the FAC does not allege with specificity any claims on the front packaging about "the objective or relative nutritional value of the [Product] whatsoever." *Solak v. Hain Celestial Grp., Inc.*, No. 317CV0704LEKDEP, 2018 WL 1870474, at *6-7 (N.D.N.Y. Apr. 17, 2018).

Second, Plaintiff argues that Kellogg has publicly emphasized the importance of fruit ingredients in their snacks (FAC ¶ 5), but he fails to adequately plead a sufficient nexus between the general health benefits of fresh strawberries and the objective expectations of reasonable consumers who purchase a pre-packaged, processed sugary treat called "Frosted Strawberry Pop-Tarts." "[T]he Complaint does not substantiate these allegations in a manner that 'nudge[s] [that] claim[ ] across the line from conceivable to plausible." *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104 (RA), 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021) (citing *Pichardo*, 2020 WL

11

6323775, at *1, 4. Absent sufficient factual matter substantiating this conclusory assertion, the Court must rely on the commonsense expectation that a reasonable consumer is unlikely to purchase a toaster pastry coated in frosting exclusively for the nutritional value of strawberries in its fruit filling.

Defendant contests Plaintiff's argument that the Product uses Red 40 food coloring to "make[ ] the strawberry-pear-apple combination look entirely dark red" to create the erroneous "impression that the Product contains more strawberries than it does." FAC ¶¶ 35-36. In particular, it argues that the use of red food coloring, in context, would not lead a reasonable consumer to believe that the fruit filling in the Product was made exclusively from strawberries and not other fruits. Plaintiff does not respond to this argument in his opposition papers. Any claims or theories of liability that Plaintiff failed to defend in his opposition papers are deemed abandoned. "When a party fails adequately to present arguments," including in an opposition brief, courts may "consider those arguments abandoned." *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004)). This is especially true "in the case of a counseled party" where "a court may . . . infer from a party's partial opposition that relevant claims and defenses that are not defended have been abandoned." *Id.* (quoting *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014)).

> 2. Even Assuming the Challenged Representations Create Some Ambiguity, Which They Do Not, the Ingredient List Would Resolve Any Confusion

Even if one assumes that the product label is ambiguous about the amount of strawberries in the Product, which it is not, "the ambiguity is resolved by reference to the list of ingredients or a Nutrition Facts panel." *Boswell v. Bimbo Bakeries USA, Inc.*, No. 20-CV-8923 (JMF), 2021 WL 5144552, at *2 (S.D.N.Y. Nov. 4, 2021). In *Boswell*, "Judge Furman [specifically]

distinguished *Mantikas* because the label there was unambiguously misleading, *which could not be cured by the "small print" of the ingredients list."* *Johnnie Bynum v. Family Dollar Stores, Inc.*, No. 1:20-CV-06878 (MKV), 2022 WL 837089, at *4 (S.D.N.Y. Mar. 21, 2022) (citing *Boswell*, 2021 WL 5144552, at *2) (emphasis in original). Under *Mantikas*, a manufacturer may clarify an ambiguous interpretation of a label based on disclaimers and disclosures on the side or back of product packaging "to correct misleading information set forth . . . on the front of the box." 910 F.3d at 637. The FAC alleges that strawberries are on the ingredient list for the Product, and strawberries are designated as the first (and predominant) fruit ingredient. FAC ¶ 29. To the extent the label contains any ambiguity about the presence or amount of strawberries in the Product, in the Second Circuit, courts are to consider "disclaimers and qualifying language." *Mantikas*, 910 F.3d at 636 (quoting *Fink*, 714 F.3d at 742). Here, the reasonable consumer would overcome any confusion by referring to the unambiguous ingredient list on the packaging. The ingredients list does not "contradict," but rather "confirm[s] . . . representations on the front of the box." *Id.* at 637.

> 3. Plaintiff's Other State Law Claims Must Be Dismissed Because He Has Failed to Plead that the Challenged Representations are Materially Misleading

This Court finds as a matter of law that Brown has failed to adequately plead a materially misleading representation under GBL sections 349 and 350. *Orlander*, 802 F.3d 289, 300 (2d Cir. 2015). Because he has not pleaded an underlying materially misleading representation, the other claims in this case, which he pleaded on the basis that the label would likely deceive or mislead, must be dismissed. Courts in this District have taken this approach in substantially similar lawsuits asserting the same or substantially similar claims after dismissing the GBL claims. *See, e.g.*, *Johnnie Bynum v. Family Dollar Stores, Inc.*, No. 1:20-CV-06878 (MKV), 2022 WL 837089, at *5-8 (S.D.N.Y. Mar. 21, 2022); *Wallace*, 2021 WL 3163599, at *3;

*Dashnau*, 529 F.Supp.3d at 241 (citation omitted); *Wynn*, 2021 WL 168541, at *6-7. Because all claims are dismissed, this Court need not and does not reach Kellogg's other arguments.[3]

### B. Plaintiff's Request for Leave to Amend Is Denied

Rule 15(a)(2) states that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178, 83 S.Ct. 227). Where "the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile," district courts within the Second Circuit will deny leave to amend. *See Agerbrink v. Model Serv. LLC*, 155 F.Supp.3d 448, 452 (S.D.N.Y. 2016). Based upon the front packaging, ingredients list, and reasoning set forth herein, the Court believes that any amendment would be futile. Accordingly, the request for leave to amend is denied.

### IV. CONCLUSION

For the reasons discussed above, Defendant Kellogg Sales Company's motion to dismiss the First Amended Complaint is **GRANTED**. The Clerk of Court is respectfully directed to terminate this case.

**Dated: March 31, 2022**

New York, New York

ANDREW L. CARTER, JR.
United States District Judge

---

[3] However, the Court holds that Plaintiff lacks standing to seek injunctive relief in this case. In *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020), the Second Circuit made clear that "past purchasers of a product" are unlikely to suffer future imminent injury "once they become aware that they have been deceived." Now that Brown is aware of the alleged deception, he does not have standing to seek injunctive relief.